# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MATTHEW J. DAYAK, JEFFREY S. JACOBS and THOMAS DORE, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:22-cv-02974 |
| v. | ) ) ) | Judge John F. Kness |
| REYES HOLDINGS, LLC, THE BOARD OF DIRECTORS OF REYES HOLDINGS, LLC, REYES HOLDINGS, LLC EMPLOYEE BENEFITS COMMITTEE and JOHN DOES 1-30. | ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS'
## MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Matthew R. Kipp (6201470)
Laura Bernescu (6316545)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
155 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone:    312-407-0700
matthew.kipp@skadden.com
laura.bernescu@skadden.com

James R. Carroll (*pro hac vice*)
Michael S. Hines (*pro hac vice*)
Mary E. Grinman (*pro hac vice*)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
Telephone:    617-573-4800
james.carroll@skadden.com
michael.hines@skadden.com
mary.grinman@skadden.com

Dated:  December 21, 2022

*Counsel for Defendants*
*Reyes Holdings, L.L.C., The Board Of*
*Directors Of Reyes Holdings, L.L.C., and*
*Reyes Holdings, L.L.C. Employee Benefits*
*Committee*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................................................................. ii

REPLY POINTS .............................................................................................................. 1

I.      THE OPPOSITION'S ARGUMENTS FAIL TO OVERCOME
        PLAINTIFFS' CONCLUSORY RECORDKEEPING FEE ALLEGATIONS.................. 2

        A.      Plaintiffs Fail To Provide Any Context
                Concerning Their Recordkeeping Fee Comparators
                To Move Their Claim From Possibility To Plausibility ......................................... 2

        B.      Plaintiffs' RFP Allegations Do Not Support A Claim Of Imprudence .................. 7

II.     THE OPPOSITION DOES NOT
        OVERCOME PLAINTIFFS' FAILURE TO STATE A
        CLAIM WITH RESPECT TO THE PLAN'S TARGET DATE FUNDS ......................... 7

III.    THE OPPOSITION FAILS TO BOLSTER PLAINTIFFS'
        ALLEGATIONS CONCERNING THE HARTFORD MID CAP FUND ....................... 11

IV.     PLAINTIFFS DO NOT DISPUTE THAT
        THEIR DUTY TO MONITOR CLAIMS ARE DERIVATIVE ...................................... 11

CONCLUSION ................................................................................................................ 12

**TABLE OF AUTHORITIES**

**CASES**                                                                              **PAGE(S)**

*Albert v. Oshkosh Corp.*,
    47 F.4th 570 (7th Cir. 2022) ............................................................................. *passim*

*Allison v. L Brands, Inc.*,
    No. 2:20-CV-6018, 2021 WL 4224729 (S.D. Ohio Sept. 16, 2021) ........................................ 5

*Baumeister v. Exelon Corp.*,
    No. 21-CV-6505, 2022 WL 4477916 (N.D. Ill. Sept. 22, 2022) ...................................... 3, 8, 9

*Bell v. Pension Comm. of ATH Holding Co., LLC*,
    No. 1:15-CV-02062, 2017 WL 1091248 (S.D. Ind. Mar. 23, 2017) ........................................ 7

*Cates v. Trustees of Colum. Univ. in City of N.Y.*,
    No. 1:16-CV-06524, 2019 WL 8955333 (S.D.N.Y. Oct. 25, 2019)........................................ 7

*Coviello v. BHS Mgmt., Inc.*,
    No. 3:20-CV-30198 (D. Mass. June 9, 2022) (ECF No. 77) ................................................. 5

*Coyer v. Univar Sols. USA Inc.*,
    No. 1:22 CV 0362, 2022 WL 4534791, (N.D. Ill. Sept. 28, 2022)........................................ 5, 9

*Davis v. Magna Int'l of Am., Inc.*,
    No. 20-11060, 2021 WL 1212579 (E.D. Mich. Mar. 31, 2021)................................................ 5

*DeBruyne v. Equitable Life Assurance Soc'y of U.S.*,
    920 F.2d 457 (7th Cir. 1990) ............................................................................................... 9

*Evans v. Associated Banc-Corp.*,
    No. 21-C-60, 2022 WL 4638092 (E.D. Wis. Sept. 30, 2022)........................................... 8, 10

*Fritton v. Taylor Corp.*,
    No. 22-CV-00415, 2022 WL 17584416 (D. Minn. Dec. 12, 2022) ........................................ 7

*Garnick v. Wake Forest Univ. Baptist Med. Ctr.*,
    No. 1:21CV454, 2022 WL 4368188 (M.D.N.C. Sept. 21, 2022)............................................ 5

*Glick v. ThedaCare, Inc.*,
    No. 20-CV-1236, 2022 WL 16927749 (E.D. Wis. Oct. 27, 2022) ....................................... 4, 6

*Hughes v. Northwestern Univ.*,
    142 S. Ct. 737 (2022)............................................................................................................ 2

*Johnson v. PNC Fin. Servs. Grp., Inc.*,
    No. 2:20-CV-01493, 2022 WL 973581 (W.D. Pa. Mar. 31, 2022) ........................................ 5

*Karpik v. Huntington Bancshares Inc.*,
No. 2:17-CV-1153, 2019 WL 7482134 (S.D. Ohio Sept. 26, 2019) ........................................ 5

*Kendall v. Pharm. Prod. Dev., LLC*,
No. 7:20-CV-71-D, 2021 WL 1231415 (E.D.N.C. Mar. 31, 2021) ........................................... 5

*Kruger v. Novant Health, Inc.*,
131 F. Supp. 3d 470 (M.D.N.C. 2015) ..................................................................................... 5

*Laabs v. Faith Techs., Inc.*,
No. 20-CV-1534, 2022 WL 17418358 (E.D. Wis. Nov. 9, 2022) ........................................... 4

*Matousek v. MidAmerican Energy Co.*,
51 F.4th 274 (8th Cir. 2022) ................................................................................................... 1

*McCool v. AHS Mgmt. Co., Inc.*,
No. 3:19-CV-01158, 2021 WL 826756 (M.D. Tenn. Mar. 4, 2021) ...................................... 5

*Moler v. Univ. of Md. Med. Sys.*,
No. 1:21-CV-01824, 2022 WL 2756290 (D. Md. July 13, 2022) ........................................... 5

*Moore v. Humana, Inc.*,
No. 3:21-CV-00232 (W.D. Ky. Mar. 31, 2022) (ECF No. 39) ............................................. 5

*Nohara v. Prevea Clinic Inc.*,
No. 20-CV-1079, 2022 WL 16927810 (E.D. Wis. Oct. 27, 2022) ........................................ 3

*Peck v. Munson Healthcare*,
No. 1:22-CV-294, 2022 WL 17260807 (W.D. Mich. Nov. 9, 2022) ..................................... 4

*Pension Ben. Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*,
712 F.3d 705 (2d Cir. 2013) .......................................................................................... 6, 10

*Ramos v. Banner Health*,
No. 15-CV-2556, 2017 WL 4337598 (D. Colo. Sept. 29, 2017).......................................... 7

*Rodriguez v. Hy-Vee, Inc.*,
No. 4:22-CV-00072, 2022 WL 16648825 (S.D. Iowa Oct. 21, 2022) ................................. 4

*Rosenkranz v. Altru Health Sys.*,
No. 3:20-CV-168, 2021 WL 5868960 (D.N.D. Dec. 10, 2021) ............................................ 5

*Short v. Brown Univ.*,
320 F. Supp. 3d 363 (D.R.I. 2018) ........................................................................................ 7

*Smith v. CommonSpirit Health*,
37 F.4th 1160 (6th Cir. 2022) .............................................................................................. 2

*Smith v. VCA, Inc.*,
  No. CV 21-9140, 2022 WL 2037116 (C.D. Cal. Apr. 6, 2022) ................................................. 5

*Stark v. Keycorp*,
  No. 1:20-CV-01254, 2021 WL 1758269 (N.D. Ohio May 4, 2021) ...........................................5

In *Albert v. Oshkosh Corp.*, the Seventh Circuit set forth the pleading standard for complaints alleging a breach of fiduciary duty under ERISA: courts must "apply a 'careful, context-sensitive scrutiny of a complaint's allegations' to 'divide the plausible sheep from the meritless goats.'" 47 F.4th 570, 577 (7th Cir. 2022) (citation omitted). The court clarified that to satisfy this "context-sensitive scrutiny," a prospective plaintiff must include "detailed allegations providing a 'sound basis for comparison.'" *Id.* at 582 (citations omitted). Plaintiffs' Opposition[1] disregards that standard, asserting that it is based on a "mistaken premise" (Opp. at 2), and instead cites dozens of out-of-circuit district court opinions predating *Albert* that purportedly allow claims that are similar to Plaintiffs' to proceed. The Opposition underscores precisely why, under the Seventh Circuit's recently-articulated standard, the Amended Complaint should be dismissed with prejudice.

## **REPLY POINTS**

Plaintiffs assert that "[h]istorically, there has been near unanimity in courts across the country . . . denying motions to dismiss the very type of imprudent management allegations that are pled in the Amended Complaint," but that "[o]f late, a minority of courts have dismissed claims at the pleadings stage" based on a "mistaken premise." (Opp. at 1-2.) Importantly, the so-called "minority of courts" to which Plaintiffs refer includes the Seventh Circuit, the Eighth Circuit, the Sixth Circuit, and numerous district courts across the country, including district courts in this Circuit. (*See* Opp. at 4-5.) *See also Matousek v. MidAmerican Energy Co.*, 51 F.4th 274, 280 (8th Cir. 2022) (affirming dismissal of recordkeeping fee allegations and holding

---

[1]    Capitalized terms herein have the same meaning as in the Memorandum Of Law In Support Of Defendants' Motion To Dismiss The First Amended Complaint (ECF No. 26) ("Moving Brief," cited as "Mov. Br. at __"). Plaintiffs' Opposition To Defendants' Motion To Dismiss The First Amended Complaint (ECF No. 28) is referred to as the "Opposition" (cited as "Opp. at __").

that "without a *meaningful* benchmark, the plaintiffs have not created a plausible inference that the decision-making process itself was flawed"); *Smith v. CommonSpirit Health*, 37 F.4th 1160, 1169 (6th Cir. 2022) (affirming dismissal of recordkeeping fee allegations where the plaintiff "failed 'to allege that the fees were excessive relative to the services rendered'" (citation omitted)).

Plaintiffs assert that *Albert* "is of no moment" because the Seventh Circuit left open the possibility that "claims in future cases could survive the 'context-sensitive scrutiny of a complaint's allegations' courts perform on a motion to dismiss.'" (Opp. at 4. (citation omitted).) Plaintiffs similarly argue that the other Circuit Court decisions, as well as the Supreme Court's decision in *Hughes v. Northwestern University*, 142 S. Ct. 737 (2022), "did not intend to create any bright line rule . . . that would deny plaintiffs the ability to state a claim." (*Id.*) Plaintiffs miss the point. Defendants do not suggest that it is impossible to plead a claim for breach of fiduciary duty under ERISA; Defendants argue that Plaintiffs here have not done so. Like in *Albert*, *Matousek*, and *Smith*, Plaintiffs' allegations concerning their cherry-picked recordkeeping fee and target date fund comparators "simply do[] not provide 'the kind of context that could move this claim from possibility to plausibility.'" *See Albert*, 47 F.4th at 580 (citation omitted).

## I. THE OPPOSITION'S ARGUMENTS FAIL TO OVERCOME PLAINTIFFS' CONCLUSORY RECORDKEEPING FEE ALLEGATIONS

### A. Plaintiffs Fail To Provide Any Context Concerning Their Recordkeeping Fee Comparators To Move Their Claim From Possibility To Plausibility

Controlling Seventh Circuit precedent requires Plaintiffs to plead information about "the quality or type of recordkeeping services" obtained by both the Plan and by Plaintiffs' cherry-picked competitor plans in order to "provide the kind of context that could move" their excessive recordkeeping fee claim "from possibility to plausibility." *See Albert*, 47 F.4th at 579-

2

80 (citation omitted).  In *Albert*, the Seventh Circuit affirmed dismissal of excessive recordkeeping fee allegations where the plaintiff compared his retirement plan's recordkeeping fees "with nine other plans that are supposedly prudent" and had "similar numbers of participants . . . and total assets" but failed to provide any context "as to the quality or type of recordkeeping services the comparator plans provided." *Id.*  Like *Albert*, Plaintiffs' Amended Complaint compares the Plan's alleged recordkeeping costs with those of other plans, but is entirely devoid of requisite allegations concerning "the quality or type of recordkeeping services" provided to the comparator plans.  (Am. Compl. ¶¶ 78-79.)  *See also Albert*, 47 F.4th at 579.  Instead, the Amended Complaint contains a table listing merely each comparator plan's assets, number of participants, recordkeeper, and recordkeeping costs.  (Am. Compl. ¶¶ 78-79.)  As other district courts in the Seventh Circuit have held, this is insufficient under *Albert*.

For example, in *Baumeister v. Exelon Corp.*, Judge Blakey of this Court dismissed excessive recordkeeping fee allegations where the "[p]laintiffs ple[]d no facts to show whether the selected comparators receive recordkeeping services of a similar nature and quality to those offered by the Plan's recordkeeper."  No. 21-CV-6505, 2022 WL 4477916, at *2 (N.D. Ill. Sept. 22, 2022).  Similarly, in *Nohara v. Prevea Clinic Inc.*, the Eastern District of Wisconsin dismissed the plaintiffs' recordkeeping fee claim because it was "based entirely on the cost relative to the average cost of other plans and d[id] not discuss the *services* covered by those fees, just like the complaint that the [Seventh Circuit] dismissed in *Albert*."  No. 20-CV-1079, 2022 WL 16927810, at *4 (E.D. Wis. Oct. 27, 2022), *report and recommendation adopted*, No. 20-C-1079, 2022 WL 16924483 (E.D. Wis. Nov. 14, 2022).  The same court also dismissed excessive recordkeeping fee allegations in *Glick v. ThedaCare, Inc.*, observing that "the amended complaint d[id] not contain any allegations concerning the *specific services* performed by the

comparator plans' recordkeepers or any allegations supporting a plausible inference that the plan's recordkeeping services were equivalent to those provided by the comparator plans" and holding that "[a]bsent that context, the court is left with only a naked fee-to-fee comparison, which does not permit a reasonable inference that the defendants' process of managing the plan's recordkeeping fees was imprudent." No. 20-CV-1236, 2022 WL 16927749, at *3 (E.D. Wis. Oct. 27, 2022), *report and recommendation adopted*, No. 20-C-1236, 2022 WL 16924188 (E.D. Wis. Nov. 14, 2022); *see also Laabs v. Faith Techs., Inc.*, No. 20-CV-1534, 2022 WL 17418358, at *3 (E.D. Wis. Nov. 9, 2022) (same), *report and recommendation adopted*, No. 20-C-1534, 2022 WL 17417583 (E.D. Wis. Dec. 5, 2022). Like in *Albert*, *Baumeister*, *Nohara*, *Glick*, and *Laabs*, Plaintiffs' Amended Complaint fails to provide any context concerning the specific recordkeeping services received by the Plan or by Plaintiffs' cherry-picked comparators, and should therefore be dismissed.[2]

Contrary to the Seventh Circuit's insistence on context about "the quality or type of recordkeeping services the comparator plans provided," *Albert*, 47 F.4th at 579-80, Plaintiffs persist in asserting that their comparator tables are sufficient to avoid dismissal. (Opp. at 8-12.) In support, Plaintiffs cite more than a dozen decisions that are out-of-circuit[3] and pre-date

---

[2]    Plaintiffs' assertion that their allegations can be rescued because they "compar[ed] plans with the same recordkeeping service codes (found on Form 5500s)" is nonsense. (*See* Opp. at 10.) Plaintiffs themselves concede that two of those codes are defined by the Department of Labor as "15 - Recordkeeping and information management (computing, tabulating, data processing etc.)" and "64 - Recordkeeping fees." (Am. Compl. ¶ 66.) Such broadly phrased service codes do nothing to describe "the quality or type of recordkeeping services the comparator plans provided," as required by *Albert*. 47 F.4th at 579-80.

[3]    *See Peck v. Munson Healthcare*, No. 1:22-CV-294, 2022 WL 17260807 (W.D. Mich. Nov. 9, 2022) (cited in Opp. at 11); *Rodriguez v. Hy-Vee, Inc.*, No. 4:22-CV-00072, 2022 WL 16648825 (S.D. Iowa Oct. 21, 2022) (cited in Opp. at 11-12).

*Albert*.[4]  The *single* post-*Albert* in-district opinion cited by Plaintiffs -- *Coyer v. Univar Solutions USA Inc.*, No. 1:22 CV 0362, 2022 WL 4534791, (N.D. Ill. Sept. 28, 2022) (cited in Opp. at 3-4, 10-11) -- is distinguishable from the facts here.  In *Coyer*, the Court "agree[d] with plaintiffs' assertion that '[t]he fact that each of the other similarly-sized plans were receiving *at least* the same services for less provides the kind of circumstantial evidence sufficient to create an inference of imprudence.'"  *Id.* at *5 (citation omitted).  In contrast, Plaintiffs here have made no such allegation, nor any other allegations about the level or scope of services received by the Plan or by Plaintiffs' chosen comparator plans.  In any event, even if Plaintiffs had pled the same allegations as those made in *Coyer*, *Coyer* is inconsistent with the Seventh Circuit's dismissal of analogous excessive recordkeeping fee claims in *Albert*.  *Albert*, 47 F.4th at 579-80.  To the extent that the cases cited by Plaintiffs cannot be squared with *Albert* -- and none of Plaintiffs' cases can be -- those cases should be disregarded.

Plaintiffs attempt to excuse the lack of context in the Amended Complaint by noting that "recordkeeping service agreements are not publicly available," and that therefore,

---

[4]      *See Rosenkranz v. Altru Health Sys.*, No. 3:20-CV-168, 2021 WL 5868960 (D.N.D. Dec. 10, 2021) (cited in Opp. at 2, 8); *Coviello v. BHS Mgmt., Inc.*, No. 3:20-CV-30198 (D. Mass. June 9, 2022) (ECF No. 77) (cited in Opp. at 2, 3); *Moler v. Univ. of Md. Med. Sys.*, No. 1:21-CV-01824, 2022 WL 2756290 (D. Md. July 13, 2022) (cited in Opp. at 3); *Moore v. Humana, Inc.*, No. 3:21-CV-00232 (W.D. Ky. Mar. 31, 2022) (ECF No. 39)*; Kendall v. Pharm. Prod. Dev., LLC*, No. 7:20-CV-71-D, 2021 WL 1231415 (E.D.N.C. Mar. 31, 2021) (cited in Opp. at 8); *Davis v. Magna Int'l of Am., Inc.*, No. 20-11060, 2021 WL 1212579 (E.D. Mich. Mar. 31, 2021) (cited in Opp. at 9); *Allison v. L Brands, Inc.*, No. 2:20-CV-6018, 2021 WL 4224729 (S.D. Ohio Sept. 16, 2021) (cited in Opp. at 9); *Stark v. Keycorp*, No. 1:20-CV-01254, 2021 WL 1758269 (N.D. Ohio May 4, 2021) (cited in Opp. at 9); *Kruger v. Novant Health, Inc.*, 131 F. Supp. 3d 470 (M.D.N.C. 2015) (cited in Opp. at 9); *Karpik v. Huntington Bancshares Inc.*, No. 2:17-CV-1153, 2019 WL 7482134 (S.D. Ohio Sept. 26, 2019) (cited in Opp. at 9); *Johnson v. PNC Fin. Servs. Grp., Inc.*, No. 2:20-CV-01493, 2022 WL 973581 (W.D. Pa. Mar. 31, 2022) (cited in Opp. at 10); *Smith v. VCA, Inc.*, No. CV 21-9140, 2022 WL 2037116 (C.D. Cal. Apr. 6, 2022) (cited in Opp. at 10); *McCool v. AHS Mgmt. Co., Inc.*, No. 3:19-CV-01158, 2021 WL 826756 (M.D. Tenn. Mar. 4, 2021) (cited in Opp. at 12); *Garnick v. Wake Forest Univ. Baptist Med. Ctr.*, No. 1:21CV454, 2022 WL 4368188 (M.D.N.C. Sept. 21, 2022) (cited in Opp. at 12).

Plaintiffs cannot be expected to detail the "nature of the scope of services" provided to their comparator plans. (*See* Opp. at 9, 10.) Not so. In fact, "ERISA imposes extensive disclosure requirements" that enable prospective plaintiffs to plead a meritorious claim. *See Pension Ben. Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 720 (2d Cir. 2013) ("*Morgan Stanley*"). In any event, *Albert* explicitly holds that "compar[ing] publicly available data for the [at-issue plan] with [ ] other plans that are supposedly prudent when it comes to recordkeeping fees . . . [and] have similar numbers of participants . . . and total assets" is insufficient to state a claim. *Albert*, 47 F.4th at 579. There is no question that Plaintiffs have not pled any more information than the plaintiffs in *Albert* did.

In a last-ditch attempt to save their recordkeeping fee allegations, Plaintiffs assert that "it strains credulity to assume that Defendants obtained RKA services for the Plan that were so far and above what its peers obtained that its off-the charts RKA fees were justified." (Opp. at 9.)[5] This argument highlights why Plaintiffs' cherry-picked comparators cannot serve as the basis for a plausible claim of excessive recordkeeping fees. Plaintiffs arbitrarily selected retirement plans to compare against the Plan's recordkeeping fees, without any context as to the services received by those plans as compared to the services provided to the Plan by its recordkeeper. Without that context, the Court is "left with only a naked fee-to-fee comparison, which does not permit a reasonable inference that the defendants' process of managing the plan's recordkeeping fees was imprudent." *See Glick*, 2022 WL 16927749, at *3.

---

[5] Notably, Plaintiffs "readily concede" that the supposedly "off-the charts" recordkeeping fees listed in the Amended Complaint are inaccurate. (Opp. at 7, 9.) Plaintiffs characterize those inaccuracies as "minor errors in calculation" which are "inconsequential," and yet the recordkeeping fee table included in their Opposition continues to misrepresent the Plan's recordkeeping fees by more than 50% for 2018 and 25% for 2019, *i.e.*, by more than $2 million total. (*Id.* at 5, 7.)

B.    **Plaintiffs' RFP Allegations Do Not Support A Claim Of Imprudence**

Plaintiffs assert that "Defendants do not dispute Plaintiffs' allegations that Defendants failed to undertake an RFP process during the Class Period." (Opp. at 12.) To the contrary, Defendants *do* dispute that allegation, which, as Defendants explain in the Moving Brief, is both conclusory and devoid of factual support. (Mov. Br. at 10.) *See also Fritton v. Taylor Corp.*, No. 22-CV-00415, 2022 WL 17584416, at *8 (D. Minn. Dec. 12, 2022) (dismissing excessive recordkeeping fee claim and holding that "the factual assertion that 'there is nothing to suggest that' Defendants engaged in an RFP process seems to be another way of speculating this did not happen, and that is insufficient under Rule 12(b)(6)" (citation omitted)).

But Plaintiffs miss the point: even crediting Plaintiffs' allegations concerning the RFP process, Plaintiffs cannot dispute that in *Albert*, the Seventh Circuit unambiguously "rejected the notion that a failure to regularly solicit quotes or competitive bids from service providers breaches the duty of prudence." 47 F.4th at 579. Plaintiffs' four cited decisions predate *Albert*, and are therefore inapposite.[6]

## II.    THE OPPOSITION DOES NOT OVERCOME PLAINTIFFS' FAILURE TO STATE A CLAIM WITH RESPECT TO THE PLAN'S TARGET DATE FUNDS

Plaintiffs' Opposition highlights why their threadbare allegations concerning the purportedly imprudent Reyes Target Date Funds do not support a breach of fiduciary duty claim.

---

[6]    *See Bell v. Pension Comm. of ATH Holding Co., LLC*, No. 1:15-CV-02062, 2017 WL 1091248 (S.D. Ind. Mar. 23, 2017) (cited in Opp. at 13); *Short v. Brown Univ.*, 320 F. Supp. 3d 363 (D.R.I. 2018) (cited in Opp. at 13); *Ramos v. Banner Health*, No. 15-CV-2556, 2017 WL 4337598 (D. Colo. Sept. 29, 2017) (cited in Opp. at 13); *Cates v. Trustees of Colum. Univ. in City of N.Y.*, No. 1:16-CV-06524, 2019 WL 8955333 (cited in Opp. at 13) (S.D.N.Y. Oct. 25, 2019), *report and recommendation adopted*, 16 Civ. 6524, 2020 WL 1528124 (S.D.N.Y. Mar. 30, 2020).

*First*, as with their recordkeeping fee allegations, Plaintiffs' target date fund allegations rely on cherry-picked comparator funds about which Plaintiffs provide no "context that could move th[eir] claim from possibility to plausibility." *Albert*, 47 F.4th at 580. Following *Albert*, multiple courts in the Seventh Circuit have dismissed analogous claims alleging that the retention of purportedly underperforming funds, including target date funds, was imprudent. In *Baumeister*, for example, Judge Blakey held that "in the absence of facts to show that the comparator funds are appropriate benchmarks, the comparative performance data remains insufficient to state a claim." 2022 WL 4477916, at *2. Similarly in *Evans v. Associated Banc-Corp*, the Eastern District of Wisconsin dismissed allegations of imprudence premised on allegedly underperforming funds, holding that the "[p]laintiffs' reliance on their comparator funds also fails because the facts alleged are insufficient to show that the funds chosen by them are truly comparable." No. 21-C-60, 2022 WL 4638092, at *7 (E.D. Wis. Sept. 30, 2022). Plaintiffs assert that their allegations are different from *Baumeister* because the *Baumeister* plaintiffs did not "provid[e] details as to how the comparator funds were similar." (Opp. at 13.) In fact, the *Baumeister* plaintiffs alleged far more than the Plaintiffs here, including that the comparator funds "feature[d] 'substantially similar investment mixes,'" and "substantially similar investment strategies and underlying assets," but the court found those allegations "conclusory" and insufficient to "provide the context necessary for Plaintiffs' claims." *Baumeister*, 2022 WL 4477916, at *2 (citation omitted). In contrast, Plaintiffs here do not even allege that their comparator funds shared similar investment mixes, strategies or underlying assets with the Reyes Target Date Funds. Instead, Plaintiffs merely cite generic educational material published by FINRA, which describes the contours of a typical target date fund. (*See* Opp. at 13-14; Am. Compl. ¶ 84.) But the Amended Complaint does not -- and could

not -- allege that the Reyes Target Date Funds failed adhere to FINRA's description of target date funds or to comply with any applicable guidance. In any event, Plaintiffs' cited FINRA material provides no context "to show that the comparator funds are appropriate benchmarks" for the Reyes Target Date Funds. *Baumeister*, 2022 WL 4477916, at *2.

*Second*, Plaintiffs do not dispute that the only support for their underperformance allegations with respect to the Reyes Target Date Funds is a single table comparing their performance against Plaintiffs' chosen comparator funds as of *a single quarter end in 2021*. (Am. Compl. ¶ 88.) Plaintiffs assert that these allegations are not hindsight-based because they pled that the Reyes Target Date Funds "underperformed at their three- and five-year marks, which Defendants should have been aware of." (Opp. at 14.) That makes no sense. Plaintiffs' underperformance allegations undisputedly include only three- and five-year performance *as of a single quarter of 2021*: the third quarter. (*See* Am. Compl. ¶ 88.) Yet Plaintiffs allege that Defendants "should have replaced [the Reyes Target Date Funds] at the beginning of the Class Period," *i.e.*, in 2016. (*Id.*) Absent a crystal ball, Defendants could not have been aware of those performance figures at the start of Plaintiffs' proposed class period in 2016. In any event, "[t]he fiduciary duty of care . . . requires prudence, not prescience," and "the ultimate outcome of an investment is not proof of imprudence." *DeBruyne v. Equitable Life Assurance Soc'y of U.S.*, 920 F.2d 457, 465 (7th Cir. 1990) (citations omitted). Some of Plaintiffs' own cited cases dismiss analogous underperformance allegations. *See, e.g.*, *Coyer*, 2022 WL 4534791, at *6 (dismissing imprudence allegations concerning a retirement plan's target date funds and holding that "it is inconsistent with case law to infer imprudence every time a fiduciary retains a fund that fails to turn in best-in-class performance for any specific period") (cited in Opp. at 3-4, 10-11).

9

*Third*, Plaintiffs do not dispute -- and in fact, do not even address -- the wholesale absence of any allegations in their Amended Complaint concerning the risk return profile of the Reyes Target Date Funds. (*See* Mov. Br. at 14.) As explained in the Moving Brief, Plaintiffs' only support for the allegation that the Reyes Target Date Funds "failed to meaningfully change their risk return profile as an investor grows closer to retirement age" is that the difference in the three-year returns of the Reyes Target Date 2030 and 2040 Funds was purportedly too small. (*See id.* (quoting Am. Compl. ¶ 87).) The Opposition does not dispute that returns say nothing about a fund's level of risk. (*See id.*) Moreover, Plaintiffs undercut their own argument because some of Plaintiffs' own comparator funds, which they describe as "properly performing," have a *smaller* change in returns between their 2030 and 2040 vintages over the three-year period. (*See id.* (quoting Am. Compl. ¶ 88).)

In a final attempt to resurrect their target date fund allegations, Plaintiffs assert that the appropriateness of their selected fund comparators cannot be resolved without the benefit of discovery. (*See* Opp. at 14-15.) That argument is inconsistent with the pleading standard set by the Seventh Circuit, which *did* dismiss imprudence claims based on insufficient comparators at the pleadings stage, prior to discovery. *Albert*, 47 F.4th at 579-80; *see also Evans*, 2022 WL 4638092, at *7 (dismissing underperformance allegations where "the facts alleged [we]re insufficient to show that the funds chosen by [the plaintiffs were] truly comparable"). In fact, as other courts have explained, "the prospect of discovery in a suit claiming breach of fiduciary duty is ominous, potentially exposing the ERISA fiduciary to probing and costly inquiries and document requests." *Morgan Stanley*, 712 F.3d at 719. Dismissal of conclusory ERISA claims like Plaintiffs' "prevent[s] settlement extortion" where "a plaintiff with a largely groundless claim [will] simply take up the time of a number of other people, with the right to do so

10

representing an *in terrorem* increment of the settlement value, rather than a reasonably founded hope that the discovery process will reveal relevant evidence." *Id.* (citations omitted). Moreover, Plaintiffs have not identified any reason why they could not have provided more information in the Amended Complaint about the investment strategies, glide paths, risk profiles, or underlying assets of the comparator target date funds that they propose. Without such context, the Court is faced with nothing more than raw performance numbers for a cherry-picked group of peer funds as of a single quarter end in 2021. This dearth of substantive allegations is insufficient to state a claim.

III.    **THE OPPOSITION FAILS TO BOLSTER PLAINTIFFS'
        ALLEGATIONS CONCERNING THE HARTFORD MID CAP FUND**

Plaintiffs continue to provide no information with which to evaluate their allegations concerning the Hartford Mid Cap Y Fund. They assert that "Defendants did not replace the underperforming fund at the three-year mark, nor at the five-year mark when the fund continued to perform worse than 81% of its peers." (Opp. at 15.) Which peers? Which three-year mark? Which five-year mark? Neither Plaintiffs' Amended Complaint nor the Opposition answer any of those foundational questions. The few sentences concerning the Hartford Mid Cap Y Fund found in the Amended Complaint are woefully inadequate to state a claim. (*See* Am. Compl. ¶ 91.)

IV.    **PLAINTIFFS DO NOT DISPUTE THAT THEIR
        DUTY TO MONITOR CLAIMS ARE DERIVATIVE**

Plaintiffs do not dispute that their failure to monitor allegations are derivative of and wholly dependent on their underlying breach of fiduciary duty claims. (*See* Mov. Br. at 15; Opp. at 15.) As explained above and in the Moving Brief, Plaintiffs' Amended Complaint fails to state a claim for breach of fiduciary duty (Count I), and the Court should therefore likewise dismiss Plaintiffs' derivative duty to monitor claim (Count II).

11

## <u>CONCLUSION</u>

For all of the foregoing reasons, and for the reasons set forth in the Moving Brief, Defendants' motion to dismiss should be granted, and the Amended Complaint dismissed with prejudice.

Dated:  December 21, 2022      Respectfully submitted,

             /s/ *Matthew R. Kipp*
             Matthew R. Kipp (6201470)
             Laura Bernescu (6316545)
             SKADDEN, ARPS, SLATE,
              MEAGHER & FLOM LLP
             155 N. Wacker Drive, Suite 2700
             Chicago, Illinois 60606
             Telephone: 312-407-0700
             matthew.kipp@skadden.com
             laura.bernescu@skadden.com

             James R. Carroll (*pro hac vice*)
             Michael S. Hines (*pro hac vice*)
             Mary E. Grinman (*pro hac vice*)
             SKADDEN, ARPS, SLATE,
              MEAGHER & FLOM LLP
             500 Boylston Street
             Boston, Massachusetts 02116
             Telephone: 617-573-4800
             james.carroll@skadden.com
             michael.hines@skadden.com
             mary.grinman@skadden.com

             *Counsel for Defendants*
             *Reyes Holdings, L.L.C., The Board Of*
             *Directors Of Reyes Holdings, L.L.C., and*
             *Reyes Holdings, L.L.C. Employee Benefits*
             *Committee*