## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MATTHEW J. DAYAK, JEFFREY S. JACOBS and THOMAS DORE, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| *Plaintiffs*, | ) | Case No. 1:22-cv-02974 |
| | ) | |
| v. | ) | Judge John F. Kness |
| | ) | |
| REYES HOLDINGS, LLC, THE BOARD OF DIRECTORS OF REYES HOLDINGS, LLC, REYES HOLDINGS, LLC EMPLOYEE BENEFITS COMMITTEE and JOHN DOES 1-30. | ) ) ) ) ) | |
| | ) | |
| *Defendants*. | ) | |

### DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFFS' NOTICES OF SUPPLEMENTAL AUTHORITY (ECF NOS. 70 AND 71)

Defendants Reyes Holdings, L.L.C., the Board Of Directors Of Reyes Holdings, L.L.C., and Reyes Holdings, L.L.C. Employee Benefits Committee (collectively "Defendants") respectfully submit this consolidated response to (1) Plaintiffs' Notice of Supplemental Authority (ECF No. 70) and (2) Plaintiffs' Notice of Supplemental Authority (ECF No. 71).[1] Neither out-of-circuit authority supports Plaintiffs' arguments in opposition to Defendants' motion to dismiss.

*McDonald ex rel. Laboratory Corp. of America Holdings Employees' Retirement Plan v. Laboratory Corp. of America Holdings*, C.A. No. 22-00680, 2023 WL 4850693 (M.D.N.C. July 28, 2023) -- an out-of-circuit decision from North Carolina -- is contrary to

---

[1] Capitalized terms have the same meaning as in the Memorandum Of Law In Support Of Defendants' Motion To Dismiss the First Amended Complaint (ECF No. 26) (the "Opening Brief," cited as "Opening Br. at __"). Plaintiffs' Notices of Supplemental Authority (ECF Nos. 70 and 71) are referred to as the "Notices" (cited as "Notice (ECF No. __) at __").

binding Seventh Circuit precedent.  The *McDonald* court declined to dismiss excessive recordkeeping fees, "[t]aking as true the allegation that specific recordkeeping services chosen by a large plan do not affect total fees," and that therefore, "there is no reason to require detailed allegations about which recordkeeping services plans purchased." *Id.* at *4.  That holding directly contradicts *Albert v. Oshkosh Corp.*, 47 F.4th 570, 582 (7th Cir. 2022), which requires a plaintiff to provide "detailed allegations providing a 'sound basis for comparison'" in order to state a facially plausible claim for breach of fiduciary duty under ERISA.  Unlike in *McDonald*, the Seventh Circuit has held that there *is* a reason to require "detailed allegations."  *See id.*

Plaintiffs' other out-of-circuit supplemental authority, *Seibert v. Nokia of America Corp.*, C.A. No. 21-20478 (ES) (AME), 2023 WL 5035026 (D.N.J. Aug. 8, 2023), is similarly unavailing.  The *Seibert* court held that "at this stage the [c]ourt must accept as true the [c]omplaint's allegation that there are two types of recordkeeping services provided by all national recordkeepers for large plans." *Id.* at *7.  The court accepted those allegations "notwithstanding [the d]efendants' argument that [the p]laintiffs should have provided more specificity about the recordkeeping services provided to the [p]lan versus the comparators." *Id.* *Seibert* cannot be squared with the Seventh Circuit standard requiring "detailed allegations providing a 'sound basis for comparison.'"  *See Albert*, 47 F.4th at 582 (citation omitted).  In fact, the *Seibert* court acknowledged that "district courts around the country have addressed similar claims regarding excessive recordkeeping and administrative fees differently," but that "it does not appear that the Third Circuit has foreclosed [the p]laintiffs' claim." *Seibert*, 2023 WL 5035026, at *9, *9 n.7.  The same cannot be said of the Seventh Circuit.  *See Albert*, 47 F.4th at 579-80.

Plaintiffs argue that both *McDonald* and *Seibert* account for *Albert*. *See* Notice (ECF No. 70) at 1-2; Notice (ECF No. 71) at 1-2. In particular, the *McDonald* court observed that "a year after deciding *Albert*," the Seventh Circuit declined to dismiss different excessive recordkeeping fee claims in *Hughes v. Northwestern University*, 63 F.4th 615 (7th Cir. 2023). *McDonald*, 2023 WL 4850693, at *5. Similarly in *Seibert*, the court noted that "[i]n *Hughes*, the Seventh Circuit found that plaintiffs had survived that context sensitive scrutiny with regards to their excessive recordkeeping claim." *Seibert*, 2023 WL 5035026, at *8. But as Defendants have previously explained (*see* ECF No. 46), *Hughes* does not abrogate *Albert*. Rather, the *Hughes* court observed that the allegations pled there were materially different from those pled in *Albert*, in particular because the *Hughes* plaintiffs "provide[d] examples of several other university I.R.C. § 403(b) plans that successfully reduced recordkeeping fees by soliciting competitive bids, consolidating to a single recordkeeper, and negotiating rebates." *Hughes*, 63 F.4th at 632. Contrary to Plaintiffs' assertions (*see* Notice (ECF No. 70) at 2 and Notice (ECF No. 71) at 1-2), the excessive recordkeeping fee allegations at issue here are nothing like the allegations in *Hughes*, but are nearly identical to those rejected by the Seventh Circuit in *Albert*. (*See* Defendants' Consolidated Response to Plaintiffs' Notices of Supplemental Authorities (ECF No. 46) at 3-4.)

In short, Plaintiffs' supplemental authorities are inapposite, and Defendants respectfully request that Plaintiffs' Amended Complaint be dismissed with prejudice.

Dated:  August 30, 2023                              Respectfully submitted,


                                                    /s/ *Michael S. Hines*
                                                    Matthew R. Kipp (6201470)
                                                    Laura Bernescu (6316545)
                                                    SKADDEN, ARPS, SLATE,
                                                        MEAGHER & FLOM LLP
                                                    155 N. Wacker Drive, Suite 2700
                                                    Chicago, Illinois 60606
                                                    Telephone:     312-407-0700
                                                    matthew.kipp@skadden.com
                                                    laura.bernescu@skadden.com

                                                    James R. Carroll (*pro hac vice*)
                                                    Michael S. Hines (*pro hac vice*)
                                                    Mary E. Grinman (*pro hac vice*)
                                                    SKADDEN, ARPS, SLATE,
                                                        MEAGHER & FLOM LLP
                                                    500 Boylston Street
                                                    Boston, Massachusetts 02116
                                                    Telephone:     617-573-4800
                                                    james.carroll@skadden.com
                                                    michael.hines@skadden.com
                                                    mary.grinman@skadden.com

                                                    *Counsel for Defendants*
                                                    *Reyes Holdings, L.L.C., The Board Of*
                                                    *Directors Of Reyes Holdings, L.L.C., and*
                                                    *Reyes Holdings, L.L.C. Employee Benefits*
                                                    *Committee*